NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-383

PINE TREE VILLAGE RESIDENTS ASSOCIATION, INC.

vs.

SANDRA ALMEIDA & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from a residential summary process action in the Housing Court.  For the reasons we explain, we reverse the order granting the tenants' preliminary injunction and dissolve the injunction itself.

Background.  On January 6, 2020, the parties resolved the case through an agreement for judgment (agreement), with execution to issue on April 1, 2020.  In salient part, the tenants agreed to "clean up and maintain the exterior of the property" "on or before April 30, 2020" (conditions) in exchange for the landlord's agreement not to levy on its execution.  The parties agreed that "[i]f the tenant complies with these

_____

[1] Lorenzo Almeida and Robert Almeida.  The landlord voluntarily dismissed Lorenzo Almeida before judgment entered in this matter.  None of the tenants filed a brief or participated in the appeal.

conditions, the case will be dismissed on May 3, 2021 and the tenancy will be reinstated on that date."[2]  They further agreed that "[i]f either party alleges that the other party has failed to comply with the terms and conditions of this [a]greement, she/he may mark a hearing for enforcement" (enforcement provision).

On June 21, 2021, the landlord filed a motion to enforce the judgment and to issue the execution, representing that the tenants had failed to undertake the agreed-upon cleanup of the property.  The docket indicates that a judge allowed the motion as a motion for an alias execution[3] and ordered that the execution issue forthwith.  The execution issued that same day, July 12, 2021.  The following day, the tenants filed a motion seeking to stay levy on the execution.  A second judge (judge) denied the tenant's motion for reasons including his conclusion

---

[2] The agreement also required the tenants to successfully complete "[a] probationary period for [twelve] months" ending April 30, 2021.  We understand the tenants' entitlement to the probationary period to have been conditioned on their completing the required cleanup by the April 30, 2020, deadline.

[3] An alias execution issues when more than one year has passed since the original execution issued.  See G. L. c. 235, § 17. The agreement provided for the execution to issue on April 1, 2020.  The docket reflects the issuance of the original execution on that day; at oral argument, however, counsel for the landlord represented that no execution actually issued, based on the emergency moratorium on evictions imposed by the Legislature in response to the COVID-19 pandemic.  Nothing turns on whether the execution issued, and so we do not resolve the question.

that the tenants had "failed to comply [with the terms of the agreement for judgment.]"

Several weeks later, on September 8, 2021, the tenants filed another motion for an order to stay levy on the execution.[4] This time, however, the judge granted a "PI"[5] enjoining the landlord from levying on its execution.[6] The judge's endorsement reflected his determination that "the tenancy was reinstated on [May 3, 2021]." The landlord filed a timely appeal from the order granting the injunction and, within a week of the judge's decision, moved for reconsideration and dissolution of the injunction. At a hearing on the landlord's motion for reconsideration, the judge considered the enforcement provision of the agreement and concluded that under the agreement, the landlord "[had] an obligation to bring [the matter forward for] enforcement" by May 3, 2021. He concluded that because the

---

[4] The motion explicitly sought a stay of the landlord's ability to levy on the monetary portion of the judgment -- $395.95 in court costs. It was silent as to the issue of possession, but the landlord's argument does not rely on that fact.

[5] We interpret "PI" to mean "preliminary injunction."

[6] The landlord represents that no hearing was held on the motion (the docket reflects that the motion was "allowed in lobby") and that it was not given notice that the judge was considering issuing a preliminary injunction, rather than the temporary restraining order requested in the tenants' written motion. See Mass. R. Civ. P. 65 (b) (1), 365 Mass. 832 (1974) ("No preliminary injunction shall be issued without notice to the adverse party"). Given our conclusion, infra, that the tenants failed to show a likelihood of success on the merits, and so were not entitled to injunctive relief on that basis, we need not reach the landlord's notice-based argument.

3

landlord had failed to seek enforcement by that date, the tenancy had been reinstated on May 3.[7] The judge denied the landlord's motion to dissolve the preliminary injunction and this appeal followed.

Discussion. "Typically, to obtain preliminary injunctive relief, the moving party must show that '(1) success is likely on the merits; (2) irreparable harm will result from the denial of the injunction; and (3) the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party.'" Massachusetts Port Auth. v. Turo Inc., 487 Mass. 235, 247 (2021) (Turo), quoting Cote-Whitacre v. Department of Pub. Health, 446 Mass. 350, 357 (2006). On appeal, the landlord focuses exclusively on the first of these considerations -- the tenants' likelihood of success on the merits of their claim. "We review a decision on a motion for a preliminary injunction to determine whether there was an error of law or whether the judge abused his or her discretion. . . ." Turo, supra at 239.

We conclude that the judge erred in his interpretation of the parties' agreement. The agreement provided that in the event of one party's failure to comply with the agreed-upon terms, the other party "may mark a hearing" seeking enforcement.

---

[7] In the hearing, the judge also seemed to suggest that as of May 3, 2021, the case was dismissed. No such dismissal has entered on the trial court docket. The original judgment, incorporating the agreement for judgment, remains in effect.

4

It is well-settled that "may" is permissive, not mandatory.  See

Shea v. Selectmen of Ware, 34 Mass. App. Ct. 333, 335 (1993),

quoting Brennan v. Election Comm'rs of Boston, 310 Mass. 784,

786 (1942) ("[T]he word 'may' is not an apt word to express a

positive mandate.  It is a word of permission and not of

command.").  It follows, then, that the tenants' failure to

clean the property as agreed triggered the landlord's ability to

seek enforcement of the parties' agreement, not an obligation to

do so at any particular time after the compliance deadline had

come and gone.[8]  See Shea, supra at 335-336.  With this in mind,

we conclude that the judge erred in ruling that the landlord's

failure to seek enforcement of the agreement by May 3, 2021, had

the effect of reinstating the tenants' tenancy as of that date.[9]

Because we thus discern no likelihood of success on the tenants'

claims, we vacate the order staying the levy on the execution

and dissolve the preliminary injunction.  See Fordyce v.

Hanover, 457 Mass. 248, 267 (2010) ("preliminary injunction

---

[8] Indeed, while recognizing the judge's concerns about the finality of the judgment, we see valid policy reasons supporting an interpretation that would not require a landlord holding an execution to "use it or lose it."

[9] The landlord has made no argument concerning the remaining requirements for issuance of a preliminary injunction. Accordingly, they are waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  In any event, given our conclusion, infra, that the tenants were unlikely to succeed on the merits of their claim, reversal is required.

cannot survive if the [moving parties] are unlikely to succeed on the merits").

Given our conclusion, we need not and do not reach the landlord's remaining arguments.

Conclusion.  The order dated September 8, 2021, granting a preliminary injunction is reversed, and the preliminary injunction is dissolved.

So ordered.

By the Court (Meade,
  Desmond & Hand, JJ.[10]),

*Joseph F. Stanton*

Clerk

Entered:  February 23, 2023.

---

[10] The panelists are listed in order of seniority.